UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY and STEVE EDER,

                Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES and FEDERAL BUREAU OF INVESTIGATION,

                Defendants.

**COMPLAINT**

---

Plaintiffs THE NEW YORK TIMES COMPANY and STEVE EDER (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain an order for the production of agency records from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the Federal Bureau of Investigation ("FBI") in response to FOIA requests made by The Times.

**PARTIES**

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com.  The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

3. Plaintiff Steve Eder is an investigative reporter at *The New York Times*.

4. Defendant ATF is a component of the U.S. Department of Justice ("DOJ") that is principally responsible for enforcing federal laws related to alcohol, tobacco, firearms, and

explosives. It is one of the agencies that has possession and control of the records that The Times seeks.

5. Defendant FBI is a division of the DOJ and is the United States's principal law enforcement agency. It is one of the agencies that has possession and control of the records that The Times seeks.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

8. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

9. If any agency denies a FOIA request, the requester has the right to administratively appeal that adverse outcome. *See id.* § 552(a)(6)(A)(i).

10. FOIA further requires that agencies make a determination as to such appeals within 20 business days. *See id.* § 552(a)(6)(A)(ii).

11. The Times is deemed to have exhausted all administrative remedies as to each of their FOIA requests submitted the ATF and the FBI.

12. As to The Times's three FOIA requests submitted to the ATF, the agency has failed to meet the statutory deadline for responding to The Times's administrative appeal. *See id.* § 552(a)(6)(A). The Times is, therefore, deemed to have exhausted all available administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C) and is entitled to commence an action against the ATF.

13. The FBI has denied The Times's administrative appeal addressing its two FOIA requests submitted to the agency. The Times is, therefore, entitled to seek judicial review of that denial pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

14. On July 13, 2024, 20-year-old Thomas Crooks attempted to assassinate President Trump in Butler, Pennsylvania. *See, e.g.*, Campbell Robertson, Jack Healy, Nicholas Bogel-Burroughs, and Glenn Thrush, *Here's What Is Known About the Suspect Who Tried to Assassinate Trump*, N.Y. Times (July 14, 2024), https://www.nytimes.com/2024/07/14/us/politics/trump-gunman-thomas-crooks.html.

15. Following the assassination attempt, a Secrete Service agent immediately killed Crooks, who appeared to have acted alone. To date, the FBI has consistently stated that it has "not uncovered any credible evidence indicating the subject conspired with anyone else." FBI Pittsburgh Special Agent in Charge's Remarks to Media on Updates to the Butler, Pennsylvania, Assassination Attempt Investigation, FBI (Aug. 28, 2024), https://www.fbi.gov/news/speeches/fbi-pittsburgh-special-agent-in-charge-s-remarks-to-media-on-updates-to-the-butler-pennsyvlania-assassination-attempt-investigation.

### *The ATF Requests*

16. On March 20, 2025, Mr. Eder, on behalf of *The New York Times*, submitted three FOIA requests to the ATF seeking records "related to Thomas Crooks and the July 13, 2024 assassination attempt of President Trump in Butler, Pa."

17. The Times's first FOIA request to the ATF ("ATF Request 1") sought "Transcripts and Recordings of ATF's interviews with Matthew Crooks and Mary Crooks."

18. The Times's second FOIA request to the ATF ("ATF Request 2") sought "Photos/Videos taken by ATF personnel of the Crooks home in Bethel Park, PA."

19. The Times's third FOIA request to the ATF ("ATF Request 3") sought "ATF Report(s) of Investigation pertaining to the July 13, 2024 assassination attempt."

20. On March 25, 2025, the ATF acknowledged all three requests in separate letters to The Times. The ATF assigned ATF Request 1 the tracking number 2025-00558, it assigned ATF Request 2 the tracking number 2025-00559, and it assigned ATF Request 3 the tracking number 2025-00560. Citing to FOIA exemption 7(A), the ATF denied each of the three requests in full, asserting that the records sought by The Times "concern[ed] an ongoing investigation."

21. The Times timely submitted an appeal of the denial of all three requests on April 23, 2025. The Times challenged the ATF's blanket denial, arguing among other things that the ATF had failed to identify "any relevant enforcement proceeding, much less one that is pending or reasonably anticipated." The Times also pointed out that even if the ATF could point to a concrete proceeding, the agency had failed to "demonstrate specifically how each document or category of documents, if disclosed, would interfere with the investigation."

22. On April 23, 2025, the ATF acknowledged The Times's appeal in three separate letters—one for each individual request. To date, The Times has not received a substantive response to its appeal.

*The FBI Requests*

23. On May 2, 2025, Mr. Eder, on behalf of *The New York Times*, submitted two FOIA requests to the FBI seeking "FBI records related to the July 13, 2024 assassination attempt by Thomas Crooks on President Donald J. Trump."

24. The Times's first FOIA request to the FBI ("FBI Request 1") sought "all FD-302 forms and transcripts of witness interviews for family members of Thomas Crooks, his friends or acquaintances, classmates, neighbors, instructors, coworkers, and associates of his family, as well as of anyone related the Clairton Sportsmen's Club and Keystone Shooting Center."

25. The Times's second FOIA request to the FBI ("FBI Request 2") sought:

- All documents or communications related to Crooks' use of encrypted accounts;
- All reports or analyses conducted pertaining to Crooks' computer usage and electronic devices; and
- A copy of all evidence obtained by the FBI related to Thomas Crooks and his family, including videos and recordings, as well as data from encrypted messaging accounts, social media accounts, phones, computers, or other devices.

26. On May 13, 2025, the FBI acknowledged both of The Times's requests and consolidated them under a single tracking number: FOIPA Request No. 1667526-000.

27. On May 14, 2025, the FBI denied The Times's consolidated request in full. Citing to FOIA exemption 7(A), the FBI stated that the "material [The Times] requested is located in an investigative file which is exempt from disclosure." The FBI further stated that "[t]he records responsive to [The Times's] request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings."

28. The Times timely submitted an appeal of the denial of its consolidated requests on May 27, 2025. The Times challenged the FBI's blanket denial, arguing that the FBI had failed to

identify "any relevant enforcement proceeding, much less one that is pending or reasonably anticipated." The Times also pointed out that even if the FBI could point to a concrete proceeding, the agency had failed to "demonstrate specifically how each document or category of documents, if disclosed, would interfere with the investigation."

29. On June 27, 2025, the DOJ's Office of Information Policy, on behalf of the FBI, denied The Times's appeal of its two consolidated requests. DOJ's Office of Information Policy asserted that the FBI "properly withheld this information in full" because it was subject to FOIA exemption 7(A).

### FIRST CAUSE OF ACTION (ATF REQUEST 1)

30. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

31. The ATF is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

32. The ATF also has an obligation to make a determination with respect to an administrative appeal within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

33. The ATF has failed to meet the statutory deadline of 20 business days set by FOIA to respond to an administrative appeal. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

34. The ATF is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

35. No exemptions permit the withholding of the documents sought by this request.

36. Plaintiffs are thus entitled to an order compelling the ATF to produce records responsive to this request.

### SECOND CAUSE OF ACTION (ATF REQUEST 2)

37. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

38. The ATF is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

39. The ATF also has an obligation to make a determination with respect to an administrative appeal within 20 business days. *See id.* § 552(a)(6)(A)(ii).

40. The ATF has failed to meet the statutory deadline of 20 business set by FOIA to respond to an administrative appeal. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

41. The ATF is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

42. No exemptions permit the withholding of the documents sought by this request.

43. Plaintiffs are thus entitled to an order compelling the ATF to produce records responsive to this request.

### THIRD CAUSE OF ACTION (ATF REQUEST 3)

44. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

45. The ATF is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

46. The ATF also has an obligation to make a determination with respect to an administrative appeal within 20 business days. *See id.* § 552(a)(6)(A)(ii).

47. The ATF has failed to meet the statutory deadline of 20 business set by FOIA to respond to an administrative appeal. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

48. The ATF is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

49. No exemptions permit the withholding of the documents sought by this request.

50. Plaintiffs are thus entitled to an order compelling the ATF to produce records responsive to this request.

## FOURTH CAUSE OF ACTION (FBI REQUEST 1)

51. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

52. The FBI is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

53. The Times administratively appealed the FBI's denial of the request, and the agency affirmed the denial of the request. Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

54. The FBI is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

55. No exemptions permit the withholding of the records sought by the request.

56. Accordingly, The Times is entitled to an order compelling the FBI to produce records responsive to the request.

**FIFTH CAUSE OF ACTION (FBI REQUEST 2)**

57. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

58. The FBI is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

59. The Times administratively appealed the FBI's denial of the request, and the agency affirmed the denial of the request. Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

60. The FBI is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

61. No exemptions permit the withholding of the records sought by the request.

62. Accordingly, The Times is entitled to an order compelling the FBI to produce records responsive to the request.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

63. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

64. Order the ATF and the FBI to undertake an adequate search for the requested records and to provide those records to Plaintiffs within 20 business days of the Court's order;

65. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, *id.* § 552(a)(4)(E)(i); and

66. Grant Plaintiffs such other relief as this Court deems just and proper.

Dated: New York, New York  /s/ David E. McCraw
      July 24, 2025  David E. McCraw
                                                          Legal Department
                                                          The New York Times Company
                                                          620 Eighth Avenue
                                                          New York, NY 10018
                                                          Phone: (212) 556-4031
                                                          Fascimile: (212) 556-4634
                                                          Email: mccraw@nytimes.com

                                                          *Counsel for Plaintiffs*