The New York Times Company

Jackson Busch
First Amendment Fellow

T 212 556 1244

jackson.busch@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

August 17, 2026

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *N.Y. Times Co. et al. v. ATF et al.*, No. 25-cv-6096 (ER)

Dear Judge Ramos:

I represent The New York Times Company and reporter Steve Eder (together, "The Times") in the above-referenced Freedom of Information Act ("FOIA") action. Pursuant to the Court's August 4 order, ECF 29, The Times writes to challenge the rate at which defendant Federal Bureau of Investigation ("FBI") is processing documents in response to The Times's FOIA requests. In short, The Times requests that the Court order FBI to process responsive records at a rate of 1,000 pages per month.

The two requests at issue seek records documenting one of the most significant FBI operations in recent memory: its investigation into the attempted assassination of President Trump by Thomas Crooks on July 13, 2024. ECF 1 ¶¶ 23-29.[1] The responsive records would shed light on how FBI conducted that investigation—in particular, whether and how it probed Crooks's online activities, use of encrypted devices, and interactions with friends, family, and other associates. Despite the overwhelming public interest in timely access to information about this investigation, FBI has been processing records at a rate of 250 pages per month.

Over the course of many months, The Times has attempted to resolve this issue informally without involving the Court. In September 2025, FBI informed The Times and the Court that the investigations into Crooks had been closed and that it would begin processing records. ECF 12. Two months

[1] The Times also submitted three requests to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). ECF 1 ¶¶ 16-22. ATF has completed its response to those requests, though The Times reserves the right to challenge its search or withholdings.

later, it indicated that it had identified 45,000 pages of potentially responsive records. ECF 16.[2] Because of this significant volume, The Times has worked with FBI to both (1) narrow the requests, and (2) speed up processing. Though the parties have engaged productively on the first issue, FBI has consistently rebuffed The Times's requests to revise its processing rate, claiming that it cannot justify a departure from its purportedly standard 250-page pace.

This processing rate is unreasonable in this case. If it continues, processing of these requests would likely take more than a decade. This pace deprives the public of meaningful access to records about "a matter of exceptional public importance and obvious and unusual time-sensitivity." *Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 167 (S.D.N.Y. 2019). The Times understands that there are other FOIA requests that place demands on FBI's FOIA resources. But we are asking that FBI be required to produce documents at a rate that is appropriate under the circumstances here: that the Crooks investigation is of high public interest and timely access matters, that tens of thousands of pages must be processed, and that the slow pace of processing means that the case will be occupying the Court's time for years to come unless production is accelerated.

A rate of 1,000 pages per month would not be onerous. It is significantly lower than processing rates approved in other cases. *See id.* at 168-69 (agencies each ordered to process 5,000 pages per month). It is also well below rates that FBI has accommodated before. *Seavey v. DOJ*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (FBI ordered to process 2,850 pages per month); *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (5,000 pages per month, despite that court's recognition "that the FBI's resources are limited"). And it would expedite the resolution of this case—both directly, by reducing the overall processing time, and indirectly, by providing The Times with additional information about the universe of responsive records, which it can use to propose further narrowing.

"Congress has long recognized that information is often useful only if it is timely and that, therefore excessive delay by the agency in its response is

[2] The precise volume of potentially responsive records has fluctuated, both because FBI has continued its review, *see* ECF 17, and because, as discussed below, The Times has attempted to narrow the requests. The Times does not have an up-to-date count of responsive pages based on its most recent narrowing. But it is fair to say that the volume is likely well into the tens of thousands of pages.

often tantamount to denial." *Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 164 (cleaned up). Here, the responsive records would shed light on an investigation of historic significance. They would inform the public about how FBI probed an alarming near-miss on the President's life at a time when he faces continued threats.[3] And bringing this information into public view is particularly critical given FBI's limited disclosures to date.[4] The agency cannot rest only on a self-imposed "standard" processing rate to delay the public's access to these important documents. *Seavey*, 266 F. Supp. 3d at 246 ("In the name of reducing its own administrative headaches, the FBI's 500-page policy ensures that larger requests are subject to an interminable delay in being completed.").

For these reasons, The Times respectfully requests that the Court order FBI to process responsive records at a rate of 1,000 pages per month. In the alternative, The Times respectfully requests a status conference to discuss these matters further. We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Jackson Busch*

David McCraw
Jackson Busch
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-1244
Email: mccraw@nytimes.com
jackson.busch@nytimes.com

*Counsel for Plaintiffs*

---

[3] Eric Schmitt & Maggie Haberman, *Iran Said to Have Known Details of Trump's Stay at NATO Summit*, N.Y. Times (Aug. 11, 2026), https://www.nytimes.com/2026/08/11/us/politics/trump-iran-threat-air-force-one.html.

[4] *See* House of Reps. Task Force on the Attempted Assassination of Donald J. Trump, *Final Report of Findings and Recommendations*, at 123 (Dec. 5, 2024), https://fallon.house.gov/uploadedfiles/tf.finalreport.pdf ("The FBI conducted an investigation into the shooting but only shared a portion of that evidence with the Task Force.").