**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED** at page 4

*86 Chambers Street*
*New York, New York 10007*

August 31, 2026

**By ECF**
The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, NY 10007

Re: *The New York Times Co. et al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives et al.*, 25 Civ. 6096 (ER)

Dear Judge Ramos:

This Office represents Defendants the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Federal Bureau of Investigation ("FBI") in this action pursuant to the Freedom of Information Act ("FOIA") brought by plaintiffs The New York Times Company and Steve Eder (together, "Plaintiffs") regarding five separate FOIA requests that Plaintiffs submitted to ATF and FBI relating to Thomas Crooks and the July 13, 2024 assassination attempt of President Trump in Butler, PA. We write in response to Plaintiffs' August 17, 2026 letter requesting that the Court order FBI to process potentially responsive records at a rate of 1,000 pages per month. ECF No. 31 ("Pls. Ltr."). For the reasons below, FBI respectfully requests that the Court deny Plaintiffs' request and allow FBI to continue processing a minimum of 250 pages per month.

**Background.** Plaintiffs' FOIA requests to FBI sought various records, all relating to FBI's investigation of Crooks following the July 2024 assassination attempt. As reported in the last update to the Court on August 3, ECF No. 28, the parties have been having fruitful discussions about whether the scope of the FOIA requests to FBI can be narrowed, with the aim of reducing the overall volume of records to be processed. The parties disagree, however, on the appropriate rate for FBI's processing of potentially responsive records, and FBI respectfully requests that the Court adopt its proposal to process 250 pages of potentially responsive records per month.

**The Law**. FOIA imposes no specific timetable or rate for processing records. An agency that has received a FOIA request is generally required to "determine within 20 [working] days" what steps it will take in response, and "immediately notify" the requester of its determination and reasons, and the right to appeal. 5 U.S.C. § 552(a)(6)(A)(i). But FOIA's 20-working-day time period does not create a deadline for production—instead, a requester is simply deemed to have constructively exhausted administrative remedies if an agency does not take the specified actions within 20 days, and thereafter may sue. *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 189-90 (D.C. Cir. 2013); 5 U.S.C. § 552(a)(6)(C)(i). No other provision in FOIA creates a specific timeframe for the release of records. *See* 5 U.S.C. §§ 552(a)(3)(A) (an agency shall make records responsive to a proper request "promptly available"), (a)(6)(C)(i) (same for litigated cases).

FOIA does permit certain requests to be prioritized above others; this is referred to as "expedited processing." 5 U.S.C. § 552(a)(6)(E). To qualify for expedited processing, a requester must show a "compelling need." *Id.* The statute defines two categories of "compelling need": the requester must show either that failure to obtain the records on an expedited basis could reasonably

be expected to pose an imminent threat to an individual's life or physical safety, 5 U.S.C. § 552(a)(6)(E)(v)(I); or, if the requester is "a person primarily engaged in disseminating information," it may show "urgency to inform the public concerning actual or alleged Federal Government activity," *id*. § 552(a)(6)(E)(v)(II).[1] Following Congress's explicit guidance when it passed the 1996 amendments providing for expedited processing, courts have interpreted this "urgency" requirement narrowly. *See Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001) (citing H.R. Rep. No. 104–795, at 26 (1996)). As Congress and the courts have both recognized, if all requests were entitled to expedited processing, prioritization would be meaningless. *See id*.

To determine whether a request should qualify for expedited processing under the statutory criteria, courts consider: "(1) 'whether the request concerns a matter of exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity.'" *Bloomberg L.P. v. FDA*, 500 F. Supp. 2d 371, 377 (S.D.N.Y. 2007) (quoting *Al-Fayed*, 254 F.3d at 310). The requester must show urgency to inform the public on the specific subject matter of the FOIA request, not a more general topic under which the request falls. *See, e.g.*, *Elec. Priv. Info. Ctr. v. Dep't of Def.*, 355 F. Supp. 2d 98, 101-02 (D.D.C. 2004).

Even in cases where expedited processing is granted, however, the statute only requires that records be processed "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). This requirement "does not impose on the agency any particular timeframe to release the records sought, but rather moves the plaintiff's request to the front of the agency's processing queue." *Documented NY v. U.S. Dep't of State*, No. 20-CV-1946 (AJN), 2021 WL 4226239, at *2 (S.D.N.Y. Sept. 16, 2021) (citing cases; citations, quotation marks, and alterations omitted). Whether or not a proposed processing rate is "practicable" depends upon numerous factors, including "evidence of the agency's resource constraints, obligations to other FOIA requests, [and] whether the request implicates sensitive or confidential materials." *Id.*; *see also Middle E. Forum v. DHS*, 297 F. Supp. 3d 183, 185 (D.D.C. 2018) (finding 500-page-per-month processing rate appropriate); *Elec. Priv. Info. Ctr. v. DOJ*, 15 F. Supp. 3d 32, 43 (D.D.C. 2014) (to determine what is "practicable," courts consider expedited FOIA requests the agency is already processing, the volume of requested materials, the demands of agency review, and competing obligations of the same agency staffers).

**Plaintiffs Are Not Entitled to Expedited Processing.** It is the requester's burden to show an entitlement to expedited processing, *see Nat'l Day Laborer Org. Network v. ICE*, 236 F. Supp. 3d 810, 816 (S.D.N.Y. 2017), and Plaintiffs have not met that burden. First, the requests do not concern a threat to life or safety. Second, although Plaintiffs are journalists, they have not established that there is urgency to inform the public about the investigation into Crooks, that there is a loss of substantial due process rights, or that there is widespread and exceptional media interest in which there exist questions about the government's integrity. The only justifications Plaintiffs provide as to why they should be entitled to expedited processing are that the "Crooks investigation is of high public interest," "timely access matters," the records "would shed light on an investigation of historic significance," and the records would "inform the public about how FBI probed an alarming near-miss on the President's life at a time when he faces continued threats." Pls. Ltr. at 2-3. These general statements do not establish the requisite exigency.

[1] In addition to the statutory criteria, Department of Justice regulations provide for expedited processing for matters involving a "loss of substantial due process rights" or "widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e).

To be sure, the attempted assassination of President Trump in July 2024 and FBI's investigation are newsworthy, but do not meet the standard for expedited process as these topics do not "concern[] a matter of current exigency to the American public or that the consequences of delaying a response would compromise a significant recognized interest." *Rolling Stone LLC v. DOJ*, 739 F. Supp. 3d 237, 242 (S.D.N.Y. 2024). A request concerns "a matter of *current* exigency to the American public where the subject matter of the request was central to a pressing issue of the day," or was of "immediate public interest in view of [an] ongoing debate." *Id.* at 243 (internal quotation marks and citations omitted; emphasis and alteration in original). The assassination attempt occurred two years ago and is not the "subject of a currently unfolding story," and Plaintiffs have not established that there would be "any significant adverse consequence if the records they request were received later rather than sooner." *Id.* (internal quotation marks omitted). Nor have Plaintiffs asserted that there are possible questions about the government's integrity, and it is "not sufficient that the request concerns an individual as to whom there is widespread and exceptional media interest if the subject as to which there is public interest is not one that also raises questions about the government's integrity." *Id.* at 244. Plaintiffs are thus not entitled to expedited processing.

**FBI's Proposal**. Even if the Court were to find that the requests qualify for expedited processing, Plaintiffs' proposed rate of 1,000 pages per month is not "practicable." Instead, as FBI explains, the highest rate FBI can currently provide while ensuring the right of access for other litigants and administrative requestors is 250 pages per month. FBI has received 66,913 FOIA requests so far during this fiscal year. Declaration of Christina L. Driver ("Driver Decl.") ¶ 9. Over the past several years, the number of FOIA requests FBI has received has increased, as has the volume of requests in litigation. *Id.* ¶¶ 10-11. As a result of increased requests and litigations, the number of backlogged requests now exceeds 11,000. *Id.* ¶ 12. Despite the increase in workload and number of requests, staffing levels have decreased since 2021. *Id.* ¶ 13. Because of the increase in requests and decreased staffing levels and in order to address this backlog, FBI has revised its standard processing rate from 500 to 250 pages per month. *Id.* ¶ 14. This helps ensure that cases not in litigation are also processed in a more timely fashion and that both small and large requests are processed more equitably. *Id.* ¶¶ 14-17.

Processing at a rate of 250 pages per month "is 'the right size' increment to ensure a timely, consistent workflow" considering the staffing constraints, the number of requests, and the complex nature of requests, and allows FBI to "equitably provide the most information possible to the largest number of requesters." *Id.* ¶¶ 19, 22. If FBI was ordered to process 1,000 pages per month in response to Plaintiffs' requests, it would allow Plaintiffs to consume a larger share of FBI's finite time and resources, and would shift them away from other requests, including those that pre-date Plaintiffs' requests but are not in litigation. *Id.* ¶ 22. Given all of these circumstances and limitations, FBI's position is that 250 pages per month is the maximum practicable processing rate for the requested records at this time.[2]

We thank the Court for its attention to this matter.

[2] Plaintiffs' citations to other matters where courts have required processing rates of 2,850 or even 5,000 pages per month, Pls. Ltr. at 2, cannot demonstrate that such a rate is "practicable" for this request and this agency at this time, and, in any event, these cases are outliers.

Respectfully,

JAMES M. MCDONALD
United States Attorney

By: */s/ Dana Walsh Kumar*
Dana Walsh Kumar
Assistant United States Attorney
Tel.: (212) 637-2741
Dana.Walsh.Kumar@usdoj.gov

cc: Plaintiffs' Counsel (By ECF)

The parties are directed to appear for an in-person status conference on September 15, 2026 at 11 a.m. The conference will be held in Courtroom 619 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: September 1, 2026
New York, New York